Adam L. Rosenberg, Bar No. 039023
Stephanie A. Fierro, Bar No. 024206
Keller Rohrback L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822
arosenberg@kellerrohrback.com
sfierro@kellerrohrback.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| YOF, INC., doing business as Yates Mitsubishi,<br><br>Plaintiff,<br><br>MARK ENTERPRISES CAR CO V, LLC., doing business as Scottsdale Mitsubishi,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

M - MORALS

At Scottsdale Mitsubishi, morals matter to us. We're grounded by our principles of being truthful and dependable. We treat every customer with respect and pledge to fulfill their driving needs

***https://www.scottsdalemitsubishi.com/about-us***

KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

## I. INTRODUCTION

Honesty is fundamental to any business, particularly one that asks consumers to trust it with one of their largest purchases. At a minimum, customers should be able to trust that a business is who it says it is. Defendant Scottsdale Mitsubishi—notwithstanding the lip service it gives to “morals” and “sincerity” on its website—disagrees.

Rather than compete for customers on the strength of its own name and reputation, Defendant Scottsdale Mitsubishi obtained control of a domain name identical to Plaintiff’s business name and used it to redirect unsuspecting consumers to its own virtual showroom. In doing so, Defendant Scottsdale Mitsubishi sought to capitalize on the goodwill Plaintiff earned, divert customers looking for Plaintiff, and pass off the resulting traffic as its own.

This is not clever marketing or fair competition. It is deliberate misuse of another business’s identity for commercial gain. Federal and state law prohibit precisely this conduct. Accordingly, Plaintiff brings this action to redress the harm and put an end to these deceptive practices, in hopes of protecting its hard-earned goodwill.

## II. PARTIES

2.1. Plaintiff, YOF, Inc., is more commonly known as Yates Mitsubishi.

2.2. Defendant, Mark Enterprises Car Co V, LLC, is more commonly known as Scottsdale Mitsubishi.

2.3. All parties are based in Arizona.

## III. JURISDICTION AND VENUE

3.1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, including without limit 15 U.S.C. § 1125.

3.2. This Court has personal jurisdiction over Defendant because it is based in Arizona and conducted substantial business in Arizona. What is more, the conduct giving rise to Plaintiff's claims occurred, in substantial part, in Arizona.

3.3. Venue is proper in the United States District Court for the District of Arizona because Defendant resides in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district. *See* 28 U.S.C. § 1391(b)(1); (2).

3.4. This Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367(a).

## IV. FACTUAL BACKGROUND

4.1. The Yates Automotive Group has been a part of the community since 1984. By treating customers like family and selling a quality product—over a course of decades—Yates has developed a tremendous amount of goodwill and local brand recognition.

4.2. Indeed, the "Yates" name is synonymous with commercial auto sales in the broader Phoenix area. Customers refer to their "Yates" experience and its advertising routinely emphasizes the "Yates" brand. As one example, Yates brand partner and national

KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

celebrity, Sophie Cunningham, did a recent spot with dealer principal, Whitney Yates-Woods:




4.3. As Yates continued to grow under Ms. Yates-Woods's leadership, discussions began about opening new dealerships and extending into new lines. Chief brands among the discussions were Misubishi and Ford.

4.4. This is when the cybersquatting began. "YatesMitsubishi.com" and "YatesFord.com" were acquired anonymously, effecting a hijacking of the "Yates" mark.

4.5. Yates attempted to acquire the domain name in 2023 through a broker. The acquirer of the domain attempted to bargain Yates back its own brand.

4.6. Soon after, Yates became a direct competitor of Defendant and, on information and belief, Defendant understood that its business would drop off.

KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

4.7. To be clear, Defendant could have simply been a better business. It could have improved its customer service, lowered its prices or offered more value. But it did none of that.

4.8. Instead, Defendant's perceived solution was to *deceive* customers through continued cybersquatting and a phony website.

4.9. Specifically, after acquiring the domain, Defendant Scottsdale Mitsubishi constructed a realistic retail automobile website holding itself out to the public as Yates Mitsubishi:




https://www.yatesmitsubishi.com/ (last visited October 10, 2026).[1]

4.10 Among other things, this website:

[1] The site's content is dated September 19, 2026, and the domain's registration record was updated on September 20, 2026.

KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

4.10.1 Displays a "YATES MITSUBISHI" logo[2];

4.10.2 The site's page title and metadata read "Yates Mitsubishi — New & Pre-Owned Vehicles, Service & Financing";

4.10.3 The site advertises new and pre-owned Mitsubishi vehicles, service, financing, trade-in valuation, and test drives, all under the Yates name;

4.10.4 The site's footer asserts "© 2026 Yates Mitsubishi. All rights reserved.";

4.10.5 The only street address given anywhere on the site is "1234 Main Street, Phoenix, AZ," which is not Yates's address;

4.10.6 Yates's phone number and email address are neither provided nor accessible from the mocked up website.

4.11 To be clear, Yates never authorized Defendant or any other person to register, hold, or use this domain name, its likeness or its trademarks. Nor did Yates construct or operate this website, from which it cannot receive inquiries from its would-be customers.

4.12 But perhaps more brazen than the cybersquatting and infringement is Scottsdale Mitsubishi's use of the site to funnel Yates customers to *its own* website and inventory.

4.13 Most of the links on the "YatesMitsubishi.com" site do not open, but vaguely direct the customer toward the principal call-to-action buttons: the large, red "Browse Inventory" button in the homepage header, as well as the "View All New Inventory" and

---

[2] The trade name, "Yates Mitsubishi," is registered with the State of Arizona and owned by Plaintiff.

"View Inventory" buttons below. These are hyperlinks to Scottsdale Mitsubishi's own website and virtual showroom:




4.14 A consumer who finds yatesmitsubishi.com—for example, by typing Plaintiff's name into a browser or by searching for Yates Mitsubishi—and who clicks to shop for a vehicle is delivered, without any notice, to Scottsdale Mitsubishi's inventory, where it offers its own vehicles for sale.

4.15 The yatesmitsubishi.com site contains no disclosure about who is—and is not—operating the site. Indeed, in the homepage's source code, the word "Scottsdale" appears only inside the outbound hyperlink addresses described above. It is *nowhere* visible to an ordinary visitor.

4.16 Defendant created and operates this website for no other purpose than to trade on Yates's name and goodwill, and ultimately divert consumers seeking Plaintiff to Defendant.

KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

4.17 Defendant's conduct is likely to cause, and almost invariably has caused, consumer confusion: consumers seeking Yates encounter a site that purports to be Yates, but that routes their business to Yates's direct competitor. This is *the* feature; it is not a bug.

4.18 Yates has no control over the content of the site, the representations made on it, or the customer experience of consumers who believe they are dealing with Yates.

4.19 On information and belief, Defendant has profited and continues to profit from the diverted traffic in the form of vehicle sales, service business, and sales leads that would otherwise have gone to Plaintiff.

## V. CAUSES OF ACTION

### Count 1 – False Designation of Origin and False Association – 15 U.S.C. § 1125(a)

5.1. Plaintiff incorporates the preceding allegations as though fully set forth in this Count.

5.2. "Yates" ("the Mark") has acquired secondary meaning through Plaintiff's long, continued use of the Mark, widespread public recognition, advertising and promotion; specifically, the Mark is associated with auto sales in the greater Phoenix area, identifies Plaintiff's dealership in commerce and is entitled to protection against materially confusing uses. It is therefore entitled to protection under 15 U.S.C. § 1125(a).

5.3. Defendant used the Mark in connection with the promotion, advertising, and offering of competing goods or services by appropriating the Mark in the infringing domain and redirecting users to Defendant's commercial website.

KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

5.4. This use of the Mark is likely to cause confusion as to the origin, affiliation, connection, sponsorship, or approval of Defendant Scottsdale Mitsubishi's website or dealership and is a false designation of origin or false or misleading representation of affiliation within the meaning of 15 U.S.C. § 1125(a)(1)(A).

5.5. Defendant's conduct has caused or is likely to cause injury to Plaintiff's commercial goodwill and its ability to control use of the Mark and the destination of consumers seeking Plaintiff online.

5.6. Plaintiff is entitled to relief under 15 U.S.C. §§ 1116 and 1117, including injunctive relief, an accounting and recovery of attributable profits, proven damages, costs, and reasonable attorney's fees to the extent the Court deems this case exceptional.

**Count 2 – Cybersquatting – 15 U.S.C. § 1125(d)**

5.7. Plaintiff incorporates the preceding allegations as though fully set forth in this Count.

5.8. Plaintiff's Mark has acquired secondary meaning through Plaintiff's long, continued use of the Mark, widespread public recognition, advertising and promotion; specifically, the Mark is associated with auto sales in the greater Phoenix area. It is therefore entitled to protection under 15 U.S.C. § 1125(d) at the time of registration, use and trafficking.

5.9. Defendant used and/or trafficked the infringing domain, which is identical or confusingly similar to the Mark, and is the domain's registrant or an authorized licensee of the registrant within the meaning of 15 U.S.C. § 1125(d)(1)(D).

KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

5.10. Defendant had a bad-faith intent to profit from the Mark. Among other things, as the registrant or its authorized licensee, it continues to traffic and use the domain name for the purpose of capitalizing on Plaintiff's brand and diverting persons seeking Plaintiff to a competing commercial website.

5.11. The conduct constitutes cybersquatting in violation of 15 U.S.C. § 1125(d)(1).

5.12. Plaintiff seeks an order transferring the Infringing Domain to Plaintiff under 15 U.S.C. § 1125(d)(1)(C), together with appropriate injunctive relief under 15 U.S.C. § 1116(a).

5.13. Pursuant to 15 U.S.C. § 1117(d), Plaintiff seeks and reserves the right to elect, before final judgment and in lieu of actual damages and profits for its cybersquatting claim, statutory damages in an amount between $1,000 and $100,000 for the Infringing Domain, as the Court considers just.

5.14. Plaintiff further seeks recoverable costs and, if warranted under 15 U.S.C. § 1117(a), reasonable attorney's fees.

**Count 3 – Trademark Infringement Under State Law**

5.15. Plaintiff incorporates the preceding allegations as though fully set forth in this Count.

5.16. Plaintiff owns the Arizona registration of "Yates Mitsubishi," which is registered under A.R.S. § 44-1441 *et seq*. and confers the rights protected by A.R.S. § 44-1451, subject to A.R.S. § 44-1452.

KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

5.17. Without Plaintiff's consent, Defendant used Plaintiff's registered "Yates Mitsubishi" in Arizona in connection with automobile goods or services by employing the Infringing Domain to deliver Internet users to Defendant's competing dealership website.

5.18. Defendant's use is likely to cause confusion, mistake, or deception regarding the parties' affiliation, connection, or association, or regarding the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

5.19. Defendant's conduct violates A.R.S. § 44-1451(A)(1). Plaintiff seeks injunctive relief, Defendant's attributable profits, and damages sustained by Plaintiff to the extent proven, and costs as permitted by A.R.S. § 44-1451(B).

**Count 4 – Common Law Unfair Competition**

5.20. Plaintiff incorporates the preceding allegations as though fully set forth in this Count.

5.21. Plaintiff established and maintains goodwill in Arizona under the Mark, which identifies Plaintiff's dealership to the relevant public.

5.22. Defendant knowingly appropriated Plaintiff's business name as an Internet address and used that address to direct persons seeking Plaintiff to a competing dealership. Because the domain employs the same words by which Plaintiff is known, Defendant's conduct is likely to confuse the public concerning the identity, affiliation, or sponsorship of the businesses.

5.23. The conduct constitutes unfair competition under Arizona common law by misappropriating the identifying value and goodwill associated with Plaintiff's business and creating a likelihood of public confusion.

KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822

5.24. Plaintiff seeks injunctive and other equitable relief and any compensatory damages established by the evidence. Plaintiff additionally seeks punitive damages given the outrageousness of the conduct and obvious intent to harm in the form of (1) hijacking Yates's tradename; (2) weaponizing the domain for the express purpose of confusing would-be Yates customers; (3) by creating and using a sophisticated website—which broadly misappropriates Yates's protected marks—to funnel customers to Defendant's virtual showroom.

## VI. RELIEF REQUESTED

For the foregoing reasons, Plaintiff requests:

1. Statutory, actual and punitive damages to the extent available in law or equity;
2. A temporary restraining order and injunctive relief;
3. Transfer of the domain name "YatesMitsubishi.com" to Plaintiff;
4. Attorneys' fees and costs to the extent available in law or equity; and
5. All other relief the Court deems just and proper.

DATED this 27th day of October, 2026.

KELLER ROHRBACK L.L.P.

By ______________________________

Adam L. Rosenberg
Stephanie A. Fierro
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
*Attorneys for Plaintiff*

**ORIGINAL** *efiled* this 26th day of October, 2026.

By: ***/s/ Nicole Roberson***

KELLER ROHRBACK L.L.P.
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone: (602) 248-0088
Facsimile: (602) 248-2822